UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LONG NGOC TRAN,<br><br>Defendant. | Case No.: 3:21-CR-1109-H-1<br><br>**ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER ORDER TO DETAIN**<br><br>[ECF No. 126] |

Before the Court is Defendant's Motion to Reconsider Order to Detain. ECF No. 126. At Defendant Long Ngoc Tran's ("Defendant") arraignment and initial appearance on April 14, 2021, the Government moved to detain him based on a serious risk of flight and the safety of the community. ECF No. 21. After a hearing on April 27, 2021, the Court granted the Government's motion. ECF No. 53. The Court found by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure Defendant's appearance as required. *Id.* Based on this finding, the Court ordered that Defendant be detained. The Court found that the following factors supported an order of detention: the nature and circumstances of the offense, Defendant's criminal history, Defendant's significant family or other ties outside the United States (Defendant's wife and child live in Vietnam), and the weight of the evidence (although the least important factor). *Id.*

Defendant now seeks reconsideration of the Court's Order of Detention Pending Trial, and requests that the Court set pretrial release conditions including a $50,000 personal appearance bond secured by the signatures of two financially responsible adults. ECF No. 126 at 3. The Court will treat Defendant's motion as a request for reconsideration pursuant to 18 U.S.C. § 3145(b).

The Court finds that this matter is suitable for determination without a hearing. *United States v. Dodd*, No. 20-cr-0016, 2020 WL 1547419, at *1 (D. Minn. Apr. 1, 2020); *United States v. Martin*, No. PWG-19-140-13, 2020 WL 1274857 (D. Md. Mar. 17, 2020) (no requirement to hold a hearing on request for reconsideration of order of detention).

## I. Summary of Positions

Defendant argues that conditions of pretrial release should be set for the foregoing reasons. Defendant is a United States citizen who has lived in the United States for 30 years and has significant family ties in the United States. He has two children who live in the United States. His wife and a third child, who is nine months old, live in Vietnam. Defendant's wife has a pending immigrant visa application and is seeking to move to the United States. Defendant's potential sureties own real property in the United States.

The Government argues that Defendant has not rebutted the presumption of detention that applies in this case under 18 U.S.C. § 3142(e)(3)(A). The Government also argues that Defendant's criminal history is serious, and includes convictions dating back to 2008 for burglary that resulted in concurrent six-year and two-year sentences. Defendant was convicted of conspiracy to commit a crime in 2015 and was sentenced to another two-years in custody. The Government also points to the evidence in the case supporting Defendant's indictment, which includes recorded meetings with a confidential source indicating that Defendant owned or controlled multiple illegal gambling establishments. The Government also notes that Defendant's wife's visa application preceded the indictment in this case and was made before Defendant had an incentive to flee to Vietnam to avoid the charges currently brought against him.

## II. Analysis

The Court is not persuaded that any of the new circumstances raised by Defendant change its initial analysis of the factors set forth in 18 U.S.C. § 3142(g) supporting its Order of Detention. Defendant's wife's pursuit of an immigrant visa is not sufficient to overcome the presumption of detention and does not mitigate the Court's concerns regarding serious risk of flight that arise from Defendant's criminal history and the nature and circumstances of the instant offense. In short, the Court sees no evidence that Defendant does not continue to present a substantial flight risk, even at the bond amount requested by Defendant. Therefore, the Court **DENIES** Defendant's motion for reconsideration of bond.

**IT IS SO ORDERED.**

Dated: May 27, 2021

*Allison H. Goddard*
Honorable Allison H. Goddard
United States Magistrate Judge