1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 3:21-CR-1109-H-1 |
|---|---|
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER ORDER TO DETAIN BASED ON CHANGED CIRCUMSTANCES** |
| v. | |
| LONG NGOC TRAN, | |
| Defendant. | **[ECF No. 229]** |

Before the Court is Defendant's Motion to Reconsider Order to Detain Based on Changed Circumstances. ECF No. 229. At Defendant Long Ngoc Tran's ("Defendant") arraignment and initial appearance on April 14, 2021, the Government moved to detain him based on a serious risk of flight and danger to the community. ECF No. 21. After a hearing on April 27, 2021, the Court granted the Government's motion. ECF No. 53. The Court found by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure Defendant's appearance as required. *Id.* Based on this finding, the Court ordered that Defendant be detained. The Court found that the following factors supported an order of detention: the nature and circumstances of the offense; Defendant's criminal history; Defendant's significant family or other ties outside the United States; and the weight of the evidence against the Defendant (although the least important factor). *Id.*

On May 21, 2021, Defendant filed a Motion for Bond, which argued that bond

should be set because Defendant's ties outside the United States were diminished because his wife, who was living in Vietnam, had applied for an immigration visa to reside in the United States. ECF No. 120. The Government opposed the motion. ECF No. 130. The Court denied the motion on May 27, 2021. ECF No. 133.

Defendant now seeks reconsideration of the Court's orders of detention based on changed circumstances. Defendant's wife and child are now residing in the United States, along with many other members of Defendant's family. Defendant argues that this mitigates any risk of flight and supports pretrial release. ECF No. 229. Defendant requests that the Court set pretrial release conditions including a $50,000 personal appearance bond secured by the signature of two financially responsible adults or by corporate surety; GPS monitoring under a curfew; supervision by Pretrial Services; and restrictions on substance use. *Id.* at 6.

The Government opposes the motion. The Government argues that Defendant presents a serious risk of flight because of his criminal history and the nature and circumstances of the instant alleged offense.

The Court finds that this matter is suitable for determination without a hearing. *United States v. Dodd*, No. 20-cr-0016, 2020 WL 1547419, at *1 (D. Minn. Apr. 1, 2020); *United States v. Martin*, No. PWG-19-140-13, 2020 WL 1274857 (D. Md. Mar. 17, 2020) (no requirement to hold a hearing on request for reconsideration of order of detention).

The Court is not persuaded that the fact that Defendant's wife and child have relocated to the United States from Vietnam warrant reconsideration of the Court's prior detention orders. Although the Court respects and appreciates that Defendant's family are willing to support him on pretrial release, that does not mitigate the Court's concerns regarding serious risk of flight that arise from Defendant's criminal history and the nature and circumstances of the instant offense. In short, the Court sees no evidence that Defendant does not continue to present a substantial flight risk, even at the bond amount and conditions requested by Defendant. Therefore, the Court **DENIES** Defendant's motion to reconsider order to detain based on changed circumstances.

**IT IS SO ORDERED.**

1    Dated:  April 19, 2022

2                                                _____
                                                 Honorable Allison H. Goddard
3                                                United States Magistrate Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3:21-CR-1109-H-1